Donald S. Zakarin
dzakarin@pryorcashman.com
Frank P. Scibilia
fscibilia@pryorcashman.com
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
(212) 421-4100

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FAMOUS MUSIC LLC,<br><br>      Plaintiff,<br><br>-against-<br><br>IDEAVILLAGE PRODUCTS CORP.,<br><br>      Defendant. | No.<br><br><br><br>**COMPLAINT** |

Plaintiff Famous Music LLC ("Famous" or "Plaintiff"), by its attorneys Pryor Cashman LLP, as and for its Complaint against IdeaVillage Products Corp. ("IdeaVillage" or "Defendant"), alleges as follows:

## NATURE OF ACTION

1. This is an action for willful copyright infringement. Defendant has brazenly and willfully infringed the world famous musical composition "Mission: Impossible Theme" (the "Theme"), the copyright in which is owned by Plaintiff, by reproducing or "synchronizing" such Musical Work with visual images in one or more commercial advertisements for its "Sonic Groom by MicroTouch" product (individually and collectively, the "Commercial"), and by reproducing,

distributing, and publicly performing the Theme in such Commercial, without Plaintiff's authorization.

2. While the Defendant may have made some very minor alterations to the Theme as it is embodied in the Commercial, the work used by Defendant in the Commercial is undoubtedly the Theme or a work that is strikingly similar to the Theme. Indeed, Defendant's Commercial pairs the Theme or a work strikingly similar to the Theme with visual images and phrases intended to invoke the "Mission: Impossible" television and motion picture properties, including the phrases: "Your Mission, should you decide to accept it . . ." and "this message will self-destruct in five seconds."

3. Plaintiff's copyrighted Theme is highly valuable, and were Plaintiff to license the Theme for a commercial use like Defendant's, Plaintiff could and would have demanded a substantial licensing fee. In fact, while Plaintiff has licensed the Theme for commercial uses only in rare circumstances, in those circumstances, the fees received by Plaintiff were significant. Defendant is a sophisticated products and direct marketing company that advertises on a regular basis, and certainly knows that it cannot simply arrogate valuable intellectual property for use in its commercial advertisements without obtaining such a license and paying such a fee, and yet it has attempted to do just that.

4. Plaintiff informed Defendant that its exploitation of the Theme without Plaintiff's authorization was infringing (although Defendant undoubtedly already knew its use was infringing), and demanded that Defendant cease and desist its unlawful exploitation of the Theme, including by pulling the Commercial from all broadcasts and from Defendant's website. Defendant, through its counsel, agreed to cease its unlawful exploitation by pulling the Commercial from all broadcasts and from Defendant's website.

5. Despite such promises, Defendant, long after receiving Plaintiff's cease and desist demand and agreeing to cease and desist, continued to willfully reproduce, distribute and publicly perform the Commercial embodying Plaintiff's Theme, including on cable television networks, and continued to permit others to reproduce, distribute and publicly perform the Commercial, including on the websites iSpot.tv and AsSeenOnTVvideo.com. In fact, the Commercial can still be viewed at those sites. *See* https://www.ispot.tv/ad/7UZa/sonicgroom-secret-mission and http://www.asseenontvvideo.com/sonic-groom-hair-trimmer

6. Defendant's infringing and unlawful activities have caused substantial damage and irreparable harm to Plaintiff, including by depriving Plaintiff of licensing fees for Defendant's use, devaluing the Theme for licensing to other companies for use in commercial advertisements, and damaging the value and reputation of the Theme.

## THE PARTIES

7. Plaintiff Famous Music LLC is a Delaware Limited Liability company with its principal place of business in New York, New York. Plaintiff is, directly or through its parents, subsidiaries or affiliates, engaged in the music publishing business, including owning and administering musical copyrights and otherwise commercially exploiting, in the United States and throughout the world, original copyrighted musical compositions. Plaintiff is the copyright owner of the Theme.

8. Defendant IdeaVillage Products Corp. is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in Wayne, New Jersey. Defendant is a direct marketing company that sells consumer goods under the "As Seen On TV" banner. Defendant's products include MicroTouch grooming products for men, Copper

Fit compression garments, HD Vision eyewear, and Finishing Touch hair removal products for women, among others.

## THE PLAINTIFF'S COPYRIGHTED WORK

9. The Theme ("Mission Impossible Theme") is a world famous musical composition written in or about 1966 by the composer Lalo Schifrin. The Theme is alternatively known as "Mission Impossible – Theme," "Theme From Mission: Impossible," and "Mission: Impossible Theme (Mission Accomplished)."

10. The Theme is an original work of authorship and consists of subject matter protected under Section 102 of the U.S. Copyright Act (the "Act").

11. The Theme first appeared in the popular television program, "Mission: Impossible" and subsequently in the highly successful "Mission: Impossible" films starring Tom Cruise. (The "Mission: Impossible" television and film properties are owned by non-party Paramount Pictures ("Paramount"), and are referred to herein as the "MI Properties.") The Theme has been acknowledged as one of television's all-time greatest theme songs.

12. The original owner of the copyright in the Theme was Mr. Schifrin's original publishing company, Bruin Music Co., Inc. ("Bruin"). Bruin first registered the Theme in the United States Copyright Office in 1966 under registration number Eu974446. The copyright in the Theme was renewed in 1994 by Mr. Schifrin under registration number RE-662-987.

13. In or about December 18, 2005, Bruin conveyed all copyright and other relevant rights in the Theme to Ensign Music LLC ("Ensign"). Ensign subsequently merged with Plaintiff.

## JURISDICTION AND VENUE

14. This is a civil action seeking, *inter alia,* damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et. seq.*

15. This Court has original subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

16. This Court has personal jurisdiction over the Defendant pursuant to CPLR §302(a)(1), (2) and/or (3) in that Defendant has committed acts of copyright infringement in New York by, *inter alia,* broadcasting the Commercial to New York residents, and in that Defendant has done and is doing business in New York and in this judicial district. Defendant has received revenue and other benefits from broadcasting the Commercial in New York. Defendant directly markets and sells products to consumers in New York and in this judicial district, including by selling products through retailers located in this judicial district such as Walgreens, Target, CVS Pharmacy, and Bed Bath & Beyond.

17. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(a), in that the claims arise in this judicial district, where Defendant regularly conducts business and may be found.

## FACTUAL ALLEGATIONS

18. In or about December 2015, Plaintiff discovered that Defendant was advertising its Sonic Groom by MicroTouch product, including on its website and on major cable television networks such as ESPN, by simulating a video of the television program and motion picture, "Mission: Impossible," and in connection therewith, was reproducing (and "synchronizing" with visual images), distributing and publicly performing the Theme.

19. The Commercial begins with the immediately recognizable opening notes of the Theme and an actor portraying a "secret agent" in casual clothing being pursued by others into a modern office building. The pursuers review photographs of the bearded agent. A woman covertly slips a package to the male agent who enters a restroom. After listening to a recorded message

5

("Good morning. Your mission, should you decide to accept it is to be the first to use an all new body grooming tool . . ."), the agent uses the Defendant's grooming tool and begins to change clothes. After a further description of the Defendant's product, the now clean-shaven male agent exits the restroom wearing a tuxedo. He walks past his pursuers who take another look at the photos of the bearded agent but do not immediately recognize him. He leaves the building to a woman waiting on motorcycle and escapes on the motorcycle with his pursuers a few steps too late. The Commercial concludes with the voice over: "this message will self-destruct in five seconds. Get yours today." The Theme (or a musical work strikingly similar to the Theme) continues to play during the duration of the Commercial.

20. The Commercial was, upon information and belief, intentionally timed to coincide with the release of the "Mission Impossible: Rogue Nation" film, and to thereby benefit from the additional goodwill and "buzz" generated by such release and the value of both the MI Properties and the Theme without compensating either Plaintiff or Paramount.

21. On or about January 8, 2016, Plaintiff sent Defendant written notice of its infringing activity and demanding that Defendant immediately cease and desist from further exploitation of the Theme, including by removing it from all advertising and from Defendant's website. Plaintiff further demanded, *inter alia*, that Defendant provide Plaintiff with complete details of Defendant's exploitation of the Theme, including all media buys, the identity of any advertising agency with which Defendant dealt in producing and exploiting the composition, and the cost of producing the Commercial and the cost of all media buys. A copy of Plaintiff's January 8, 2016 letter ("Plaintiff's Letter") is attached hereto as Exhibit A.

22. After receiving Plaintiff's Letter, Defendant, through its counsel, verbally agreed to cease airing the Commercial. Defendant nevertheless failed to do so, and continued for at least

several weeks after receipt of Plaintiff's letter to willfully reproduce, distribute and publicly perform the Commercial embodying Plaintiff's Theme, including on cable television networks, and continued to permit others to reproduce, distribute and publicly perform the Commercial, including on the websites iSpot.tv and AsSeenOnTVvideo.com. In fact, the Commercial can still be viewed at those sites.

23. Defendant's infringing and unlawful activities have caused substantial damage and irreparable harm to Plaintiff, including by depriving Plaintiff of licensing fees for Defendant's use, devaluing the Theme for licensing to other companies for use in commercial advertisements, and damaging the value and reputation of the Theme.

24. In addition, upon information and belief, Defendant realized and continues to realize increased sales of its Sonic Groom by MicroTouch product as a result of its use of the Commercial embodying the infringing use of the Theme and has derived enhanced profits from such sales.

### FIRST CAUSE OF ACTION
### (Copyright Infringement)

25. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 23 hereinabove as if the same were fully set forth at length herein.

26. The Theme is a musical work and an original work of authorship, copyrightable under 17 U.S.C. § 102. Plaintiff owns the copyright in and has the exclusive right to exploit and administer the Theme in the United States. As such, Plaintiff has the exclusive rights to, *inter alia*, reproduce the Theme and to "synchronize" it with visual images, to prepare derivative works based on the Theme, and to publicly perform and distribute copies of the Theme.

27. The musical work reproduced and "synchronized" by Defendant in the Commercial (and further reproduced, distributed and publicly performed by Defendant in the Commercial) is

7

the Theme, or, alternatively, a musical work that is strikingly similar to the Theme and/or that copies a sufficient amount of copyright-protected material from and contains many elements in common with the Theme.

28. Defendant has infringed Plaintiff's exclusive copyright rights in the Theme by reproducing and "synchronizing" the Theme (or a work that is strikingly similar to the Theme) with visual images in the Commercial, and by further reproducing, distributing and publicly performing the Commercial.

29. The aforesaid acts of infringement by Defendant were willful, intentional, and purposeful and in disregard of and with indifference to the rights of Plaintiff.

30. As a direct and proximate result of the infringement by Defendant, Plaintiff is entitled to damages in an amount to be proved at trial, including the value of the licensing fees that Plaintiff would have charged for the use of the Theme plus the amount of any reduction in the value of the license fees obtainable in an amount to be proved at trial plus the Defendant's profits attributable to the infringing use of the Theme in the Commercial in an amount to be proved at trial, which is not currently ascertainable.  If necessary, Plaintiff will seek leave to amend this Complaint to state the full amount of such damages and profits when such amounts have been ascertained.

31. Alternatively, Plaintiff is entitled to the maximum statutory damages in the amount of $150,000 or for such other amounts as may be proper under 17 U.S.C. §504(c).

32. Plaintiff is further entitled to attorneys' fees and costs pursuant to 17 U.S.C. §505.

33. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Plaintiff

will continue to infringe Plaintiff's rights in the Theme. Plaintiff is entitled to permanent injunctive relief.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1. That Defendant be permanently enjoined and restrained from reproducing, distributing, transmitting or publicly performing the Commercial;

2. That Defendant be ordered to destroy all copies of the Commercial embodying the Theme, in whole or in part, including all copies residing on digital media or computer hardware.

3. That Defendant be directed to file with this Court and to serve on Plaintiff, within thirty (30) days after service upon Defendant of this Court's order or injunction issued in this action, a written report by Defendant, signed under oath, setting forth in detail the manner in which Defendant has complied with the injunction and order of destruction.

4. That Defendant be required to account for and pay over to Plaintiff all profits derived from exploitation of the Theme including those derived from the sales of the Sonic Groom by MicroTouch product.

5. That, in addition to recovery of Plaintiff's profits attributable to the infringing exploitation of the Theme, including the profits from the sales of the Sonic Groom by MicroTouch product, Plaintiff be awarded all damages to which Plaintiff may be entitled in such amounts as may be found, or, in the alternative and at Plaintiff's election, for statutory damages in the maximum amount allowed by law.

6. That Plaintiff be awarded its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

7. That Plaintiff be awarded prejudgment interest according to law.

8. That the Court award Plaintiff any and all further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury, pursuant to Fed. R. Civ. P. 38(b), on all issues so triable.

Dated: New York, New York
August 8, 2017

*[signature]*

Donald S. Zakarin
(dzakarin@pryorcashman.com)
Frank P. Scibilia
(fscibilia@pryorcashman.com)
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
Phone: (212) 421-4100

*Attorneys for Plaintiff*